IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENDA P. DAVIS**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2756-L** |
| | § | |
| **U.S. BANK, N.A. and** | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Complaint, filed August 13, 2012. After reviewing Plaintiff's Complaint, the court determines *sua sponte* that this case should be and is hereby **transferred** to the Fort Worth Division of the Northern District of Texas.

Plaintiff Brenda P. Davis ("Plaintiff") maintains a residence at 220 Elk Run Drive, Fort Worth, Texas, 76140. Plaintiff lists her county of residence as Tarrant County. Plaintiff also lists the county of the first listed defendant as Tarrant County. The property at issue in this action is located at 220 Elk Run Drive, Fort Worth, Texas, 76140. Fort Worth is located in Tarrant County, Texas. Tarrant County is located in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(2).

The court *sua sponte* considers whether this action should be transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)). Because the property, Plaintiff, and at least one defendant are all located in Tarrant County, the more likely convenient venue is in the Fort Worth

**Memorandum Opinion and Order - Page 1**

Division of the Northern District of Texas. Plaintiff states that the "commission of the offense" occurred on November 24, 2003, in Burleson, Texas. Burleson, Texas, is a city in Johnson and Tarrant counties. Johnson County is located in the Dallas Division of the Northern District of Texas, and Tarrant County is located in the Fort Worth Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a). Without more information, the court cannot determine the exact county of the events giving rise to this action; however, the court can think of no way in which the parties and witnesses will be more convenienced by trying this action in the Dallas Division of the Northern District of Texas.

Moreover, the court has considered each of the eight factors set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The majority of these factors is neutral and does not weigh in favor of or against a transfer to the Fort Worth Division;[*] however, the first and sixth factors clearly favor a transfer to the Fort Worth Division. Accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," hereby **transfers** this action to the Fort Worth Division of the Northern District of Texas. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 16th day of August, 2012.

Sam A. Lindsay
United States District Judge

---

[*] These factors include: the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen*, 371 F.3d at 203.

**Memorandum Opinion and Order - Page 2**

**Memorandum Opinion and Order - Page 3**